IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 1, 2012

## TONY HOOVER v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court for Lake County**
No. 11-CR-9636    R. Lee Moore, Jr., Judge

No. W2011-02453-CCA-R3-HC  - Filed January 18, 2013

Pro se petitioner, Tony Hoover, appeals the Lake County Circuit Court's denial of his petition for writ of habeas corpus. The petitioner entered a plea of nolo contendere to two counts of rape and two counts of incest, and he received an effective sentence of twenty-one years in the Tennessee Department of Correction. On appeal, the Petitioner argues that the judgments were illegal because they did not impose mandatory lifetime community supervision or a sex offender surcharge. Because the Petitioner's judgments do not reflect the statutory requirement of mandatory lifetime community supervision, we conclude that the judgments for rape are illegal and void. We vacate the Petitioner's sentences for rape only and remand to the habeas court for an evidentiary hearing to determine whether the illegal sentence was a bargained for element of the Petitioner's plea agreement. In all other respects, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part and Reversed and Vacated in Part**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Tony Hoover, Tiptonville, Tennessee Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Rachel E. Willis, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background.** The Petitioner entered "open" nolo contendere[1] pleas on two counts of rape and two counts of incest. After bifurcated sentencing hearings, he received a ten and one-half year sentence on each rape conviction to be served consecutively as a Range I, standard offender at one hundred percent. For each incest conviction, the Petitioner received a four-year sentence to be served concurrently with the attendant rape convictions. The judgment forms for each of the Petitioner's rape convictions failed to reflect that he was sentenced to community supervision for life following the expiration of his sentence. Following his convictions, the Petitioner filed a direct appeal, and this Court affirmed his convictions and sentences. State v. Tony Hoover, W2007-00326-CCA-R3-CD, 2008 WL 65266 (Tenn. Crim. App. Jan. 7, 2008), perm. app. denied (Tenn. May 27, 2008). The Petitioner filed a timely pro se petition for post-conviction relief, and appointed counsel filed an amended petition, which was denied. This Court affirmed the denial of post-conviction relief. Tony Hoover v. State, W2009-01737-CCA-R3-PC, 2011 WL 2306239 (Tenn. Crim. App. June 7, 2011), perm. app. denied, (Tenn. Sept. 21, 2011).

On October 21 and 28, 2011, the Petitioner filed a pro se petition for writ of habeas corpus and a first amendment thereto in the Lake County Circuit Court, claiming that his judgments were void because they did not impose either lifetime community supervision or the sex offender surcharge as mandated by Tennessee Code Annotated Sections 39-13-524 and -709, respectively. The Petitioner attached copies of his judgment forms and transcripts of the bifurcated sentencing hearings to his petition. There was no plea agreement or transcript of the guilty plea hearing attached to the petition. On November 4, 2011, the habeas court denied the petition on the grounds that the Petitioner failed to attach a copy of his plea agreement and the transcript of his plea hearing, citing Tennessee Code Annotated Section 29-21-107. The court additionally found that "even if [Petitioner] was not properly advised of lifetime supervision and the trial court did not impose the mandatory sex offender surcharge as alleged, the sentence would still not be void. It would be only voidable." This appeal followed.

## ANALYSIS

The Petitioner contends that the habeas court erred in determining that the omission of the mandatory supervision for life provision would render his sentences voidable rather than void. The State responds that the habeas court did not err in denying the petition because it failed to comply with Tennessee Code Annotated Section 29-21-107.

---

[1]The judgment forms the Petitioner submitted show his pleas as nolo contendere. In his petition he claims he entered Alford pleas. This Court's earlier opinions referred to Petitioner's pleas as "Alford pleas" and "guilty" pleas. At the sentencing hearing it was noted that the Petitioner had entered Alford pleas "to save the children from having to go through all of this."

In determining whether to grant habeas corpus relief, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) ("Summers I") (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)). A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see also T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn.1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn.1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186,189 (Tenn.1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, "a voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers I, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

As an initial matter, the State argues that summary dismissal was proper because the Petitioner failed to comply with the procedural requirements of habeas corpus relief. The habeas corpus court denied relief based upon the Petitioner's failure to attach to his petition the guilty plea agreement and the guilty plea transcript. Without the benefit of these documents, the habeas court reasoned that the trial court could have advised the Petitioner of the mandatory lifetime supervision provision and the sex offender surcharge, orally, during the acceptance of the Petitioner's guilty plea. While we certainly understand the reasoning of the habeas court, we respectfully conclude that summary dismissal was improper. Section 29-21-107 requires the petitioner to attach to his petition for habeas corpus a copy of the legal documents causing his restraint "or a satisfactory reason given for its absence." See T.C.A. § 29-21-107(b)(2)(2000). The record shows that the Petitioner properly attached the judgments to his petition, which constitutes the "legal process" alleged to cause the Petitioner's restraint as required by the statute. Accordingly, the habeas court erred in summarily dismissing the petition.

In his petition, the Petitioner correctly points out that his judgment forms do not impose the statutorily mandated requirements of Tennessee Code Annotated Sections 39-13-

524 and -709.[2] As noted above, the State relies on the trial court's summary dismissal of the petition and does not address this issue. The Petitioner was convicted of two counts of Tennessee Code Annotated Section 39-13-503, therefore the mandatory sentencing provisions of section 39-13-524 apply.[3] This Court has repeatedly held that "[t]he failure to include the community supervision for life provisions render[s] the defendants' sentences illegal." State v. Bronson, 172 S.W.3d 600, 601-02 (Tenn. Crim. App. 2005). Accordingly, we conclude that the Petitioner's sentences for rape are illegal on the face of the judgments because they do not include the mandatory supervision for life provision.

"[W]hen a petitioner attaches to his petition documentation from the record showing that his sentence is indeed illegal, the trial court must appoint counsel and hold a hearing to determine the scope of the remedy available to the petitioner." Summers v. Fortner, 267 S .W.3d 1, 6-7 (Tenn. Crim. App. 2008) ("Summers II"); see also Author Ray Turner v. David Mills, Warden, No. E2009-00194-CCA-R3-HC, 2010 WL 1949143, at *3-4 (Tenn. Crim. App. May 13, 2010). In Summers, this court provided a procedural guideline for the habeas corpus court on remand:

> At such a hearing, the issue would be whether the illegal sentence was a material element of a plea agreement with the State, and the proof would be limited to the face of the record of the underlying proceedings. If the record establishes that the illegal sentence was not a bargained-for element of the plea agreement, then . . . the sentence is void, but the conviction remains intact, and the only remedy is correction of the

---

[2] At the time of the Petitioner's offenses, section 39-13-524 of the Tennessee Code provided:

(a) In addition to the punishment authorized by the specific statute prohibiting the conduct, any person who, on or after July 1, 1996, commits a violation of § 39-13-502, § 39-13-503, § 39-13-504, § 39-13-522, or attempts to commit a violation of any such section, shall receive a sentence of community supervision for life.

(b) The judgment of conviction for all persons to whom the provisions of subsection (a) apply shall include that such person is sentenced to community supervision for life.

(c) The sentence of community supervision for life shall commence immediately upon the expiration of the term of imprisonment imposed upon such person by the court or upon such person's release from regular parole supervision, whichever first occurs.

T. C. A. § 39-13-524 (2004) (a)-(c).

[3] The provisions do not apply, however, to the Petitioner's two convictions of incest, which are violations of section 39-15-302 (2004).

sentence.  If the record establishes that the illegal sentence was a material part of a package deal, then the petitioner is entitled to withdraw his plea if he cannot reach an agreement with the State.  See McConnell v. State, 12 S.W.3d 795, 800 (Tenn. 2000) (holding that withdrawal of the guilty plea is unnecessary when the parties agree to replace an illegal sentence with a legal one).

Id. at 6-7.  As noted in Summers II, this Court does not serve as a fact-finding court and, despite the woefully inadequate record in this case, we must remand to the habeas corpus court for determination of whether lifetime community supervision was a material bargained-for element of the petitioner's plea agreement.

In light of the mounting criticism of this procedure, we are compelled to note that we are bound to apply the procedural guidelines for habeas corpus relief established in Summers II, even if we disagree, because this case is binding precedent.  Despite this fact, we acknowledge this court's disagreement as to whether the habeas corpus court or the convicting court is the proper forum for determining whether a guilty plea may be withdrawn.  See Joey D. Herrell v. Howard Carlton, Warden, No. E2009-01162-CCA-R3-HC, 2010 WL 2612737, at *5 (Tenn. Crim. App. June 30, 2010) (Tipton, P.J., concurring) ("I see nothing in the supreme court cases that even hints at allowing the habeas court to bind a convicting court by determining whether a Petitioner is entitled to withdraw a guilty plea."); Tracy Lynn Harris v. Jim Worthington, Warden, No. E2008-02363-CCA-R3-HC, 2010 WL 2595203, at *4 (Tenn. Crim. App. June 29, 2010) (Tipton, P.J., concurring) ("[A]lthough the record may support a conclusion that the illegality at issue was not a material element of the plea agreement, it is the sole authority of the convicting court, not the habeas court, to determine the proper result."), perm. app. denied (Tenn. Nov. 17, 2010); Michael Shane Benson v. State, No. E2011-00786-CCA-R3-HC, 2011 WL 6813185 *3-4, (Tenn . Crim. App. Dec. 22, 2011) (noting procedural "conundrum" faced by the court and remanding to the habeas court for evidentiary hearing); compare State v. Burkhart, 566 S.W.2d 871, 873 (Tenn.1978) (remanding to the convicting court to conduct an evidentiary hearing to determine whether the petitioner's sentence for escape was illegal, thereby entitling him to withdraw the plea, because the sentence was ordered to be served concurrently rather than consecutively to his sentence for burglary in his plea agreement), and McLaney v. Bell, 59 S.W.3d 90, 95-96 (Tenn. 2001) (remanding the case to the habeas corpus court for the appointment of counsel and for a hearing to determine whether the petitioner's sentence pursuant to his plea agreement was void, and, if the habeas corpus court determined that the sentence was void, ordering that the habeas corpus court transfer the case to the convicting court "for appropriate disposition"), with Summers II, 267 S.W.3d at 7 (remanding the case to the habeas corpus court for the appointment of counsel and for an evidentiary hearing to determine whether the petitioner was entitled to withdraw his guilty plea).  Unless the Tennessee Supreme Court

decides to overrule existing precedent, a remand to the habeas corpus court for the purpose of conducting an evidentiary hearing to determine the Petitioner's entitlement to withdraw his guilty plea is proper.

Accordingly, based on the above authority, we hold that the Petitioner's sentences for rape are illegal and therefore void. We reverse the summary denial of the petition on this issue, vacate the Petitioner's rape sentences, and remand the case to the habeas corpus court for an evidentiary hearing. The evidentiary hearing is limited to whether the illegal sentence was a material bargained-for element of a plea agreement with the State, and the proof would be limited to the record of the underlying proceedings.

Next, the Petitioner urges this court to find that his convictions and sentences are void based on the omission of the sex offender surcharge from his judgment. Unlike the omission of the mandatory lifetime community supervision, Tennessee courts have not addressed whether the omission of the sex offender surcharge from a judgment renders the judgment void. In 2004, Tennessee Code Annotated Section 39-13-709 provided in pertinent part:

> (b) On and after July 1, 1996, each person who is convicted of a sex offense as defined in this part shall pay a tax to the clerk of the court in which the conviction occurs in an amount not to exceed three thousand dollars ($3,000) as determined by the court for each conviction as defined by this part.
>
> . . . .
>
> (e) The court may waive all or any portion of the tax required by this section if the court finds that a person convicted of a sex offense is indigent or financially unable to pay.

T. C. A. § 39-13-709(b),(e) (2004). Section 39-13-703(3) defined "sex offense" as, among other things, a felony offense of rape under section 39-13-503 and incest under section 39-15-302. Accordingly, the surcharge applies to all of the Petitioner's offenses. Because section 39-13-709(e) allows the court to waive the surcharge, we conclude that the judgments' failure to impose the surcharge does not render the judgments illegal per se. Therefore, the Petitioner's complaint with regard to the surcharge is without merit and we affirm the habeas court's dismissal of the petition on this ground.

## CONCLUSION

The judgment of the Lake County Circuit Court is affirmed in part and reversed in part. We reverse the judgment of the habeas court and grant habeas corpus relief by vacating the Petitioner's sentences for rape only. We remand the matter to the habeas court for an

evidentiary hearing to determine whether the illegal rape sentences were a material bargained-for element of the Petitioner's plea agreement.  In all other respects, the judgment of the habeas court is affirmed.


                                          _____

                                          CAMILLE R. McMULLEN, JUDGE